UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tubbey's #14, Ltd., et al.,

      Plaintiffs,                    CIVIL ACTION NO. 04-CV-70918-DT

vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

Tubby's Sub Shops, Inc., et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PLEADINGS AND DENYING DEFENDANT'S REQUEST FOR SANCTIONS

Plaintiffs filed a Motion to Strike Pleadings on July 7, 2005 which was referred to the undersigned for determination pursuant to 28 U.S.C. 636(b)(1)(A). Defendants filed a response and Request for Sanctions on July 14, 2005.

On May 19, 2005, the Court entered an Order Allowing Filing of First Amended Complaint and Demand for Jury Trial. The Court's Order allowed Defendants' 30 days from the filing of Plaintiffs' Amended Complaint to file their response. Plaintiffs filed their amended complaint on May 19, 2005. However, Defendants were not served with the Amended Complaint and the Amended Complaint and was not entered into the Court's electronic case filing system until June 7, 2005. Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint thirty days after June 7, on July 6, 2005.

Plaintiffs move this Court to strike Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. Defendants respond that the obvious purpose of the Court's Stipulation and Order was to give Defendants 30 days to respond Plaintiffs' Amended Complaint, and that Defendants, through no fault of their own, were unable to view Plaintiffs Amended Complaint until June 7, 2005.

Moreover, Defendants point to correspondence dated June 9, 2005 discussing a conversation held that day between the court clerk and defense counsel concerning the May 19, 2005 order. Specifically, the clerk represented that Defendants' 30-day response period would run from June 7, 2005, the date Plaintiffs' Amended Complaint was docketed. Plaintiffs provide no reason why the Court ought to upset the common sense understanding of the Court's May 19, 2005 Order, the settled expectations of the parties, and Defendants' due process rights. Plaintiffs do not provide any authority suggesting that the Court must do so. Therefore, Plaintiffs' Motion to Strike is **DENIED**.

Defendants move for an award of sanctions for violations of Fed. R. Civ. P. 11(b). Rule 11 dictates that:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

A district court has broad discretion in deciding the nature and extent of sanctions to impose under Rule 11. *See INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); see also Runfola & Assocs. v. Spectrum Reporting II, Inc., 88 F.3d 368, 376 (6th Cir. 1996).

The test for imposing Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances.  *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).

Although Plaintiffs' Motion to Strike is unavailing, Defendants have not shown that it was made for an improper purpose, that the factual allegations contained in the motion were unwarranted, or that there is no non-frivolous legal basis for Plaintiffs' Motion.  Therefore, Defendants' Motion for Sanctions is **DENIED.**

**IT IS SO ORDERED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 4, 2005  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 4, 2005  s/ Lisa C. Bartlett
Courtroom Deputy