**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TUBBY'S #14, LTD., et al,

        CASE NO. 04-70918

    Plaintiffs,

v.

        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

TUBBY'S SUB SHOPS, INC., et al,

    Defendants,

_____ /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION (DOCK. NO. 88)**

Now before the Court is Plaintiffs' Motion for Reconsideration. This Court granted in part and denied in part Defendants' Motion for Summary Judgment, on September 27, 2006. Plaintiffs filed the instant Motion for Reconsideration on October 11, 2006. Defendants filed their Response on January 5, 2007. Having considered the entire record, and for the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Reconsideration.

**I.    ANALYSIS**

    **A.    Standard**

Pursuant to Local Rule 7.1(g)(3), a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

In their motion, Plaintiffs argue that the Court's prior order contains a palpable defect when it dismissed Store 148 and Store 22 from Counts III and VIII. Plaintiffs also contend that the Court committed a palpable defect when it dismissed Defendants Robert M. Paganes, Peggy Paganes, and Peter T. Paganes from Counts III and VIII.

In support of their argument that Stores 148 and 22 should remain, Plaintiffs aver that Store 22 was acquired by MJB Enterprises, Inc. on May 26, 1998, a date after SDS's formation, and is therefore entitled to assert its claim against Tubby's under Counts III and VIII. Plaintiffs assert that the Court erred in Store 148's dismissal due to Plaintiffs' failure to contest the four year statute of limitations. However, Plaintiffs argue that the four year statue of limitations is not applicable.

Defendants respond that Plaintiffs did not contest the statue of limitations defense. Defendants assert that Store 22, Store 66 and Store 148 each reviewed the offering circular more than four years before the original state court lawsuit and are barred by the MFIL four year statue of repose. Defendants claim that Plaintiffs do not allege they filed the claim within four years of receiving the circular, but rely on fraudulent concealment. Defendants argue in the alternative that there was no fraudulent concealment as a matter of law. Defendants also argue that Stores 22, 66, 91 and 107 each purchased their franchise from a franchisee and not directly from Tubby's. Regarding the individual Defendants, Defendants argue that the individual Defendants were named expressly in the RICO and Robinson-Patman counts, while numerous counts generically referred to "defendants." Defendants argue that Counts III and VIII concern

the UFOC issued only by Tubby's.

###    B.    Plaintiff Stores 22, 66, 91, 107 and 148

Initially, the Court finds that Store 22 is entitled to assert its claims against any remaining Defendants under Counts III and VIII.  In Defendants' Motion for Summary Judgment, Store 22 was not identified as a Plaintiff that Defendants moved to dismiss.  Store 22 was not included in the Declaration of William Barish, which Defendants' Motion for Summary Judgment referred to in its Count III argument.  Likewise, Defendants concede that they "did not originally list store 22 for reasons outside the scope of the rehearing."  (Defs.' Resp. to Pls.' Reconsideration Br. 2 n.2).  In Counts III and VIII, the Court is only concerned with those franchise agreements signed after SDS's creation.  Store 22 was acquired in May 26, 1998, a date which is uncontested by Defendants, and a date subsequent to SDS's incorporation on January 3, 1998.  (See Am. Compl. ¶ 32, Dock. No. 35).  Therefore, Plaintiffs identified a palpable defect and correcting the defect will result in a different disposition of the case.  Accordingly, the Court finds that Store 22 is entitled to assert its claims.

Although Plaintiffs argue that Store 148 should be entitled to assert its claim, Plaintiffs have not identified a palpable defect.  Defendants moved for summary judgment on Counts III and VIII as to Store 148, Plaintiffs did not contest Defendants statute of limitations defense as to that store.  Therefore, Store 148 remains barred by the statute of limitations.

The Court notes that Stores 66, 91, and 107 remain entitled to assert their claims under Counts III and VIII.  In the Court's September 27, 2006 Opinion and Order, the Court "den[ied] Defendants' Motion for Summary Judgment as to Tubby's on the MFIL claim for Stores 66 and 99, but grant[ed] the motion as to the other defendants."  *Tubby's #14, Ltd. v. Tubby's Sub Shops, Inc.*, 2006 WL 2796181, *7 (E.D. Mich. Sept. 27, 2006) (unpublished).  However, after

3

reviewing the Court's September 27, 2006 Opinion and Order, the Court recognizes that it inadvertently left Store 107 out of its concluding sentence, when it only named Stores 66 and 99. A review of that section of the Opinion shows that the Court found that three stores remained in its analysis: Stores 66, 91, and 107.[1] (*Id*.). The Court then held that taken in a light most favorable to Plaintiffs, a genuine issue of material fact remained whether the Defendants made the proper disclosures to these Plaintiffs. Therefore, Stores 66, 91 and 107 remain to assert their claims under Counts III and VIII.

Defendants argue that Stores 22, 66, 91, and 107 purchased their Tubby's franchise from a franchisee and not from Tubby's, which prevents them from bringing a private cause of action under Mich. Comp. Law section 445.1505 against the franchisor. However, this Court finds that Defendants never proffered this argument in their Motion for Summary Judgment as to Counts III and VIII. Likewise, in Defendants Declaration of William Barish, relied on by their Motion for Summary Judgment, Defendants state that Store 16, 54, and 64 renewed their franchise agreements after the beginning of 1999, but make no mention of the fact that Store 22 was purchased from a franchisee.

C.   **Individual Defendants**

Plaintiffs argue that the Court committed a palpable error when it dismissed all Defendants, other than Tubby's, including Robert M. Paganes, Peggy Paganes, and Peter T. Paganes. Plaintiffs contend that Mich. Comp. Law section 445.1532 imposes joint and several liability on persons who control a corporation liable under the Michigan Franchise Investment Law ("MFIL"). Plaintiffs aver that Robert, Peggy and Peter Paganes have been the sole

---

[1] The Court specifically found that Store 107 remained under the Court's jurisdiction. Thus, Store 107 was grouped with Stores 66 and 91 for the remainder of the analysis.

4

shareholders, Directors, and Officers of Tubby's and its entities, and thus because of joint and several liability, should not have been dismissed on Counts III and VIII.

Defendants argue that Robert, Peggy and Peter Paganes were only expressly named in Counts I and II. Defendants admit that numerous counts refer generically to "Defendants." Defendants assert that after the Court dismissed Robert, Peggy and Peter Paganes, Plaintiffs now seek reconsideration and rely on Mich. Comp. Law section 445.1532 in arguing that all three Paganes' controlled the corporation, though they did not make that argument in their Response to Defendants' Motion for Summary Judgment.

The Court finds that Plaintiffs identified a palpable defect and that correcting the defect will results in a different disposition of the case. Although Defendants argue that Plaintiffs did not make an argument, relying on Mich. Comp. Law section 445.1532, in their Response, the Court notes that Plaintiffs mentioned section 445.1532 in their Complaint.

> WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a judgment against the Defendants, jointly and severally, pursuant to *MCL 445.1632*, in an amount that Plaintiffs establish that they are entitled to, grant the Plaintiffs' their costs and attorney fees as provided for in MCL 445.1531, and enter such other and further relief as the Court deems just.

(Am. Compl. ¶ 92) (emphasis added). It is clear to this Court that Plaintiffs committed a typographical error, citing section 445.1632, instead of section 445.1532. Mich. Comp. Law section 445.1632 has no relevance to any issues in this case. Further, Plaintiffs' citation to section 445.1531 makes it apparent that Plaintiffs meant to refer to section 445.1532. Defendants argue that Plaintiffs did not refer to section 445.1532 in their Response. However, Defendants, in their Motion for Summary Judgment, did not speak to the jointly and severally argument of Robert, Peggy and Peter Paganes either.

Accordingly, the Court holds that Robert and Peter Paganes should not have been

5

dismissed because, in a light most favorable to Plaintiffs, they are alleged to be officers and directors of Tubby's. However, even in a light most favorable to Plaintiffs, since Plaintiffs did not allege in their Response that Peggy Paganes was an officer or director of Tubby's, she remains a dismissed defendant.[2]

## II. CONCLUSION

For the reasons stated above, the Court:

(1) GRANTS Plaintiffs' Motion as to Store 22 and Defendants Robert and Peter Paganes.

(2) DENIES Plaintiffs' Motion as to Store 148 and Defendant Peggy Paganes.

**SO ORDERED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: January 30, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 30, 2007.

        s/Denise Goodine
        Case Manager

---

[2] It should also be noted that Defendants contend that Peggy Paganes is not a director, officer or employee of Tubby's, but a housewife. (Defs.' Resp. to Pls.' Reconsideration Br. 2 n.1).