**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TUBBY'S #14, LTD., et al,

        Plaintiffs,

v.

TUBBY'S SUB SHOPS, INC., et al,

        Defendants,

_____ /

CASE NO. 04-70918

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION (DOCK. NO. 91)**

Now before the Court is Defendants' Motion for Reconsideration. This Court granted in part and denied in part Defendants' Motion for Summary Judgment on September 27, 2006. Defendants filed the instant Motion for Reconsideration on October 11, 2006. Plaintiffs filed their Response on January 10, 2007. Having considered the entire record, and for the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration.

**I.   ANALYSIS**

    **A.   Standard**

Pursuant to Local Rule 7.1(g)(3), a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

### B.   Discussion

In their motion, Defendants move for rehearing on Counts IV and V, and ask the Court to clarify a number of issues.

   1. Counts IV and V

     a. Count IV (Common Law Fraud)

Defendants argue that the Court's opinion contained two errors.  Defendants contend that the two year fraudulent concealment period would have expired March 2000, more than five years before the complaint was filed.  Defendants also assert that Plaintiffs admitted actual knowledge of falsity more than seven years before the filing.  Defendants further contend that Plaintiffs should have discovered that their invoices were not reduced years before the 2005 filing.  Plaintiffs respond that the six year statute of limitations was extended up to two years by Mich. Comp. Law section 600.5855 because of Defendants' fraudulent concealment, to which the Court agreed.

The Court holds that Defendants failed to identify a palpable defect in the Court's order. Both parties submitted deposition testimony of relevant Plaintiffs on the issue of whether they admitted actual knowledge or should have discovered that their costs were being reduced by twenty percent.  After taking into consideration the depositions, the Court found in the September 27, 2006 Opinion and Order that in a light most favorable to Plaintiffs, a genuine issue of material fact existed whether Defendants continued to conceal that SDS was never going to reduce costs. *Tubby's #14, Ltd. v. Tubby's Sub Shops, Inc.*, 2006 WL 2796181, *13.  The

2

Court held that this concealment, and the statements by Kauble, lead Plaintiffs to believe that Defendants were continuously working to lower costs in the future. *Id*. at *12. Further, several Plaintiffs testified that the changes in price and qualities made it hard to tell if their store costs were being reduced. *Id*. The Court concluded that in a light most favorable to Plaintiffs, they did not have actual knowledge that their invoices were not reduced, nor should they have known due to Defendants' concealment. *Id*. at *13.

Accordingly, the Court is unconvinced that the Court's order contains a palpable defect and denies Defendants' Motion for Reconsideration on Count IV.

      b.  Count V (Breach of Contract)

Defendants argue that the SDS was not a party to the franchise agreements, nor an entity when most franchise agreements were signed, and cannot be sued under a breach of contract claim.

Plaintiffs assert that Defendants now seek, for the first time, to dismiss SDS from Count V, because it was allegedly not a party to the Franchise Agreements. Plaintiffs aver that this issue was not addressed in the motion.

The Court finds that Defendants identified a palpable defect and that correcting the defect will results in a different disposition of the case. Plaintiffs' Amended Complaint states that they entered into a franchise agreement with Tubby's. Plaintiffs do not assert under Count V of the Amended Complaint that SDS was part of that agreement. Thus, SDS could not conceivably breach an agreement to which it was not a party. Therefore, the Court grants Defendants' Motion for Reconsideration on Count V. Tubby's is the only remaining defendant in that count.

    2.  Clarifications

3

Defendants ask the Court to clarify that: (1) the only Plaintiffs with Count III claims are Store 66 (LARK Food Services, Inc.) and Store 91 (J&D Martin Enterprises, Inc.), and only those Plaintiffs who have Count III claims also have Count VIII claims; (2) all Defendants, with the exception of Tubby's, are completely dismissed from Counts III and VIII; (3) the last two paragraphs in Count V are not findings of fact; (5) all Defendants except Tubby's are dismissed from the action; and (5) all claims of the Plaintiffs who signed releases are dismissed.

Plaintiffs respond that: (1) the stores with claims in Counts III and VIII are Store 22 (MJB Enterprises), Store 66 (LARK Food Services), Store 91 (J&D Martin), Store 107 (TFI), and Store 148 (Atto Sub); (2) the Individual Defendants and Tubby's remain in Counts III and VIII; (3) the first of the last two paragraphs in Count V is a statement of Plaintiffs' contention, and the remaining paragraph finds a genuine issue of material fact regarding some of Plaintiffs' factual allegations; (4) a declaration regarding which counts relate to which Defendants, is inappropriate in a Motion for Rehearing; and (5) the releases signed by five Plaintiffs were only between those Plaintiffs and Tubby's, and not to the other Defendants, including the remaining Individual Defendants.

      a.     Clarification #1 and #2

As stated in this Court's Order to Plaintiffs' Motion for Reconsideration, four stores remain to assert their claims in Counts III and VIII: Store 22 (MJB Enterprises), Store 66 (LARK Food Services), Store 91 (J&D Martin), and Store 107 (TFI). (Opinion and Order 4, Dock. No. 115, Jan. 30, 2007). Additionally, per said Order, Tubby's, as well as Robert and Peter Paganes, are the remaining defendants in Counts III and VIII. (*Id*. at 5-6).

      b.     Clarification #3

Defendants argue that the final two paragraphs in Count V are not findings of fact. The

4

Court agrees.  The first of the two questioned paragraphs is a statement of Plaintiffs' contention and a review of the facts in a light most favorable to Plaintiff.  Further, the remaining paragraph states that a genuine issue of material fact exists on Plaintiffs' allegations, and reiterates additional facts viewed in a light most favorable to Plaintiff.

     c.  Clarification #4

The remaining Defendants are as follows:[1]

| | |
|---|---|
| Count III and VIII: | Tubby's, Robert Paganes, and Peter Paganes. |
| Count IV: | Tubby's and SDS. |
| Count V: | Tubby's. |
| Count VI: | Dismissed. |
| Count IX: | Dismissed. |
| Count X: | Tubby's. |

     d.  Clarification #5

Addressing Defendants' last request for clarification, the Plaintiffs who signed releases – Stores 23, 25, 64, 72, and 91– have released their claims against Tubby's, but not against any remaining Defendants.  Defendants assert in a footnote that since SDS merged into Tubby's on December 6, 2005, and no longer exists, the releases by four of the five Plaintiffs, which were signed after the merger of SDS and Tubby's, release any claims that the four Plaintiffs may have against SDS.  (*See* Def.'s Reconsideration Br. 8 n.7).

The Court disagrees.  Defendants did not proffer this argument in their Motion for Summary Judgment and thus are arguing an issue which is outside the scope of a Motion for Reconsideration.  Therefore, the Court does not find it necessary to address the merits of Defendants' argument.  Accordingly, the Plaintiffs which signed the release may assert claims

---

[1] The Court notes that this list does not encompass all remaining counts.  Count VII was not addressed in Defendants' July 6, 2005 Motion to Dismiss/Motion for Summary Judgment and remains an actionable count.

against SDS, Robert Paganes, and Peter Paganes.

## II. CONCLUSION

For the reasons stated above, the Court:

(1) GRANTS Defendants' Motion for Reconsideration on Count V, finding that Tubby's is the only remaining defendant in that count; and

(2) DENIES Defendants' Motion for Reconsideration on Count IV, finding that there was no palpable defect in the Court's holding that Plaintiffs did not have actual knowledge of Defendants failure to reduce costs, nor should they have known due to Defendants concealment;

(3) CLARIFIES that:
    (1) Store 22 (MJB Enterprises), Store 66 (LARK Food Services), Store 91 (J&D Martin), and Store 107 (TFI), remain to assert their claims in Counts III and VIII;
    (2) Robert and Peter Paganes are remaining the defendants in Counts III and VIII;
    (3) the final two paragraphs in Count V are not findings of fact;
    (4) the remaining Defendants in –
        (a) Counts III and VII are Tubby's, Robert Paganes, and Peter Paganes;
        (b) Count IV are Tubby's and SDS;
        (c) Count V is Tubby's;
        (d) Count X is Tubby's; and,
    (5) the Plaintiffs which signed releases may assert claims against SDS, Robert Paganes, and Peter Paganes.

**SO ORDERED**.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: February 1, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 1, 2007.

                                                        <u>s/Denise Goodine</u>
                                                        Case Manager