**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TUBBY'S #14, LTD., et al,

        Plaintiffs,

v.

TUBBY'S SUB SHOPS, INC., et al,

        Defendants,

_____ /

CASE NO. 04-70918

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER: (1) DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT ON COUNTS III AND VIII (DOCK. NO. 82); AND (2) CANCELING HEARING SCHEDULED FOR FEBRUARY 15, 2007**

The specific facts of the case are set forth in detail in the Court's previous opinion, *Tubby's #14, Ltd. v. Tubby's Sub Shops, Inc.*, Case No. 04-70918, 2006 WL 2796181 (E.D. Mich. Sept. 27, 2006) (unpublished), and are not repeated below.

Plaintiffs filed an eighteen count Original Complaint on March 11, 2004 and an eleven count Amended Complaint on May 19, 2005. On December 29, 2005, the Court granted Defendants' Motion to Dismiss Counts I and II. On September 27, 2006, the Court granted in part and denied in part Defendants' Motion for Summary Judgment (Dock. No. 37, denied Plaintiffs' Motion for Partial Summary Judgment on Count VI (Dock. No. 56), and denied Defendants' Second Motion for Summary Judgment on Count VI (Dock. No. 58). The counts which remained after the above motions were Counts III, IV, V, VII and VIII.

Despite having previously filed a Motion for Summary Judgment covering Counts III and VIII, Defendants filed their Second Motion for Summary Judgment on Counts III and VIII on June 27, 2006.

1

More specifically, as to Counts III and VIII, on July 6, 2005, Defendants filed a "Motion to Dismiss, Motion for Summary Judgment and to Extend Time." The brief in support of the July 6, 2005 Motion states on page 1, note 1, "this brief is supported by the declaration of William Barish." Defendants' brief accompanying the July 6, 2005 motion, in its discussion of Count III, refers early and often, to the Barish Declaration. That brief's discussion of Count VIII also refers, early and often, to the Barish Declaration.

Thus, it is clear, that in relying upon outside-the-Complaint information in support of its motion, Defendants were seeking summary judgment as to Counts III and VIII, pursuant to Federal Rule of Civil Procedure 56. This Court, in its order dated September 27, 2006, denied summary judgment as to Counts III and VIII.

Now, in addition to the arguments Defendants made in their July 6, 2005 motion, Defendants proffer that (1) the applicable statute of limitations, Mich. Comp. Law section 445.1533, is not a statute of limitations at all, but a statute of repose; and (2) the Michigan Franchise Investment Law does not create a remedy for the owners of Stores 22, 66, 91, 107, and 148 because they purchased their franchises from franchisees, and not from the franchisor, Defendant Tubby's.

The Court finds that Defendants new arguments are actually alternative arguments to those made in their July 6, 2005 motion. Thus, Defendants' Second Motion for Summary Judgment on Counts III and VIII is construed by this Court to be a supplemental brief on Counts III and VIII.

The Federal Rules of Civil Procedure and the Local Rules do not permit a party to file a supplemental brief. Supplemental briefs may only be submitted upon the Court's request.

Further, Defendants reached their maximum page limits in their July 6, 2006 motion and

2

brief, as well as in their August 15, 2005 reply. Any further filings on Counts III and VIII exceed the allowed page limits. Defendants cannot have a second "bite at the apple" and make alternative arguments – including an argument inapposite to what was originally argued – on the same counts addressed by them in a prior motion.

Accordingly, for the reasons stated above, the Court **DENIES** Defendants' Second Motion for Summary Judgment on Counts III and VIII.

In light of this ruling, the Court **CANCELS** the hearing on the instant motion scheduled for February 15, 2007 at 3:00 p.m.

**SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 5, 2007.

s/Denise Goodine  
Case Manager

3